WINNIE COPENING v. WINSTON MUTUAL LIFE INSURANCE COMPANY, A CORPORATION.

(Filed 1 March, 1944.)

**Trial §§ 30, 38—**

> The failure of the trial court to submit appropriate issues on a material phase of the case presented by pleading and evidence, coupled with instructions to the jury apparently confining consideration of the evidence relating thereto to the issue of fraud, was sufficiently prejudicial to require a new trial.

APPEAL by defendant from *Alley, J.,* at November Term, 1943, of BUNCOMBE. New trial.

Action to recover on a policy of insurance issued by defendant on the life of Nathaniel Copeny.

The issuance of the policy, payment of premiums and death of insured were admitted. The defendant alleged fraud in the procurement of the policy, and also set up provisions in the policy limiting liability for death occurring within two years when due to certain enumerated diseases, and excluding from coverage death resulting from drinking intoxicating liquor or drunkenness, and alleged that the death of the insured resulted from chronic alcoholism. Issues addressed to this last mentioned defense were tendered by defendant and refused by the court.

The issues submitted related only to (1) the issuance of the policy, (2) death within two years, and (3) fraud in the procurement of the policy. The first two issues were answered "yes" by consent. The court then charged the jury upon the controverted issue of fraud which he termed "the main contest at issue." The provisions in the policy limiting liability and excluding from coverage death due to drunkenness were referred to only in connection with the charge on the issue of fraud.

The jury answered the issues in favor of the plaintiff, and from judgment on the verdict defendant appealed.

*Geo. F. Meadows for plaintiff.*
*Sanford W. Brown for defendant.*

DEVIN, J. The trial judge declined to submit issues, tendered by defendant, addressed to the defense set up in the answer, and supported by evidence, that the death of the insured was due to causes excluded from coverage by limitations in the policy. In the charge the evidence relating to the issue of fraud in the procurement of the policy was correctly presented to the jury, but the only instructions given with reference to the provisions contained in the policy which limit its coverage were stated in connection with the issue of fraud.

We think the failure to submit appropriate issues on a material phase of the case presented by pleading and evidence, coupled with instructions to the jury apparently confining consideration of the evidence relating thereto to the issue of fraud, was sufficiently prejudicial to require a new trial, and it is so ordered.

New trial.