MARY RUTH NIXON v. LIBERTY MUTUAL INSURANCE COMPANY.

(Filed 16 June, 1961.)

**1. Insurance § 3—**

Relevant statutory provisions in force at the time of the execution of a contract of insurance become a part of the policy to the same extent as if they were actually written therein.

**2. Insurance § 62—**

Under G.S. 20, Article 9A, violation of policy provisions by insured in an assigned risk liability policy, when such violations occur subsequent to an accident resulting in injury or damage to third persons, cannot defeat the right of such third persons as against insurer, it being the purpose of the statute to provide protection to innocent parties injured by the acts of financially irresponsible motorists.

**3. Same—**

By refusing to defend an action against insured on the ground that the policy was not in effect at the time of the accident, insurer waives provisions of the policy prohibiting settlement of claim by insured without insurer's consent, and also the provisions making the liability of insurer dependent upon a judgment against insured; nevertheless insurer may be held liable in case of a settlement only for such amount as is reasonably necessary to effect the settlement.

**4. Same—**

In an action by the injured person against insurer to recover the amount of a judgment by default and inquiry or a consent judgment against insured, obtained after insurer had refused to defend the suit, insurer is not entitled to allege the defense of the policy provision that insurer should not be liable upon a consent judgment to which it did not consent, but is entitled to allege that it is liable only for the amount reasonably necessary to effect the settlement, leaving for determination only the questions of whether the policy was in force at the time of the accident and whether the consent judgment was reasonable and made in good faith, and if not, the amount of the plaintiff's damages.

On *certiorari* of defendant from *Patton, J.,* 27 February 1961 Civil A Term of MECKLENBURG.

Civil action to recover the amount, with interest and costs, of an unpaid judgment, which defendant refuses to pay, for $5,000.00 entered on 20 July 1960 in the superior court of Mecklenburg County against James Henry Johnson in an action instituted in said court on 2 June 1960 by plaintiff against James Henry Johnson for personal injuries sustained while plaintiff was riding in an automobile owned and driven by James Henry Johnson, to whom defendant, pursuant to the provisions of our Motor Vehicle and Financial Responsibility Act, G.S. Chapter 20, Article 9A, had issued an assigned risk auto-

mobile liability policy, which allegedly was in force at the time of plaintiff's injuries on 14 May 1960, heard on plaintiff's motion to strike parts of defendant's answer.

The insurance policy is not in the record. The complaint alleges it covered personal injury liability for one person injured or killed in the amount of $5,000.00, and contains the following provision: "I Coverage A — Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile." The complaint does not allege the title of this provision, which is copied from the answer.

Defendant in its answer admits the issuance of an assigned risk automobile liability policy to James Henry Johnson, but alleges that it was cancelled several weeks prior to 14 May 1960 because James Henry Johnson refused to pay the premiums, and that the policy was not in force on 14 May 1960. Defendant further admits that plaintiff and James Henry Johnson on 20 July 1960 entered into a consent judgment, which was signed by the assistant clerk of the superior court of Mecklenburg County, and is duly recorded. Defendant alleges it had no notice or knowledge of the purported judgment, and did not consent thereto, and that if it is valid for any purpose, it is a mere contract between the parties and is not binding upon it, and does not constitute an adjudication or a determination of its liability, and defendant is not indebted to and is not liable to plaintiff.

And for a further answer and defense and in bar of any recovery defendant alleges in substance: The policy contains the following provisions: One, the "I Coverage A — Bodily Injury Liability" set forth in the complaint. Two: "12. Assistance and Cooperation of the Insured — Coverages A, B, D, E, F, G and I. The insured shall cooperate with the company and upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident." Three. "13. Action Against Company — Coverages A and B. No Action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual

trial or by written agreement of the insured, the claimant and the company." That the consent judgment was not a judgment within the coverage of the policy, and defendant did not consent to it. Plaintiff was not entitled to recover $5,000.00 for her alleged injuries. If the court should find the policy was in force at the time of plaintiff's injuries, even then plaintiff is not entitled to recover.

Plaintiff filed a written motion to strike from paragraphs 10 and 11 of defendant's answer the word "purported" appearing before the word "judgment," and the words "it is not indebted to and is not liable to the plaintiff," and all of defendant's further answer and defense, except "this defendant did not consent to the entry of said purported judgment," though even here asking that the word "purported" be stricken.

Judge Patton allowed the motion to strike in its entirety, to which defendant excepted. We allowed defendant's petition for a writ of *certiorari,* filed pursuant to Rule 4(a) (2), Rules of Practice in the Supreme Court.

*Helms, Mulliss, McMillan & Johnson and E. Osborne Ayscue, Jr.,*
*for defendant, appellant.*
*Welling, Welling & Meek for plaintiff, appellee.*

PARKER, J. Defendant in its answer sets out the consent judgment, and plaintiff in her brief speaks of it as a consent judgment. Plaintiff contends that the consent judgment entered into between plaintiff and James Henry Johnson was conclusive on defendant, if the policy was in force at the time of plaintiff's injuries, and, therefore, the only issue involved in this action is whether the policy was in force at the time of plaintiff's injuries. And in consequence, Judge Patton's allowance of her motion to strike in its entirety should be affirmed.

Defendant states in its brief it "is not asserting non-co-operation on the part of the alleged insured. It waived any such objection by refusing to defend the suit against him." As to this assertion see *Swain v. Insurance Co.,* 253 N.C. 120, 116 S.E. 2d 482.

This is an assigned risk automobile liability policy. "Where a statute is applicable to a policy of insurance, the provisions of the statute enter into and form a part of the policy to the same extent as if they were actually written in it." *Howell v. Indemnity Co.,* 237 N.C. 227, 74 S.E. 2d 610.

North Carolina has realized the need to protect innocent, injured parties from the financially irresponsible motorist. G.S. Chapter 20, Article 9A, Motor Vehicle Safety and Financial Responsibility Act,

Section 20-279.21, "Motor vehicle liability policy" defined, subsection (f) reads in part: "Every motor vehicle liability policy shall be subject to the following provisions which need not be contained therein: 1. The liability of the insurance carrier with respect to the insurance required by this article shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs; said policy may not be cancelled or annulled as to such liability by any agreement between the insurance carrier and the insured after the occurrence of the injury or damage; no statement made by the insured or on his behalf and no violation of said policy shall defeat or void said policy; 2. The satisfaction by the insured of a judgment for such injury or damage shall not be a condition precedent to the right or duty of the insurance carrier to make payment on account of such injury or damage."

The Court said in *Swain v. Insurance Co., supra:* "The 1957 Act required *every owner* of a motor vehicle, as a prerequisite to the registration thereof, to show 'proof of financial responsibility' in the manner prescribed by G.S. Article 9A, Chapter 20, to wit, the 1953 Act. The manifest purpose of the 1957 Act was to provide protection, within the required limits, to persons injured or damaged by the negligent operation of a motor vehicle; and, in respect of a 'motor vehicle liability policy,' to provide such protection notwithstanding violations of policy provisions by the owner subsequent to accidents on which such injured parties base their claims."

The policy here contains this provision: "I Coverage A — Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, etc." The relevant part of the policy provision "13. Action Against Company — Coverages A and B" reads: "No action shall lie against the company . . . until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company." Defendant alleges in its stricken further answer and defense and in bar of any recovery here a violation of the above two provisions of the policy, in that plaintiff's action is based on a consent judgment to which it did not consent.

Defendant stated in its brief, it refused to defend the suit against James Henry Johnson, its insured, brought by plaintiff. This refusal was based, according to defendant's answer, on the ground that the policy was not in force when plaintiff was injured, for the reason that it had been cancelled several weeks prior to the date of plaintiff's injuries, because the insured had refused to pay the premiums.

The courts generally hold that where a liability insurer denies liability for a claim asserted against the insured and unjustifiably refuses to defend an action therefor, the insured is released from a provision of the policy against settlement of claims without the insurer's consent, and from a provision making the liability of the insurer dependent on the obtaining of a judgment against the insured; and that under such circumstances, the insured may make a *reasonable* compromise or settlement in good faith without losing his right to recover on the policy. Annotations 142 A.L.R. 812 and 49 A.L.R. 2d 744, where many cases are cited from many jurisdictions; 5A Am. Jur., Automobile Insurance, Section 130; 45 C.J.S., Insurance, Section 937, b, page 1072; Huddy, Encyclopedia of Automobile Law, 9th Ed., Volume 13 - 14, page 371-3; Appleman, Insurance Law and Practice, Vol. 8, Section 4690; *Bituminous Casualty Corp. v. Walsh & Wells*, St. Louis Court of Appeals, 170 S.W. 2d 117, where many cases are cited; *Traders & General Ins. Co. v. Rudco Oil & Gas Co.*, 129 F. 2d 621, 142 A.L.R. 799, where many cases are cited.

In *Jaloff v. United Auto. Indemnity Exchange*, 121 Ore. 187, 253 P. 883, the Court quoted from *Butler Bros. v. American Fidelity Co.*, 120 Minn. 157, 139 N.W. 355, 44 L.R.A. (N. S.) 609, as follows: "The company has refused to take the defense, has refused to exercise its right to settle the case, or defend it, as it saw fit, and has left the entire control and conduct of the litigation with the insured, all contrary to its contract. The amount paid on a reasonable settlement constitutes a 'loss from the liability imposed by law' as much as does the payment of a judgment rendered after a trial. . . . We hold that, by its refusal to take the defense of the action, defendant broke its contract, and waived the condition therein which required a judgment after trial of the issue, as well as released the insured from its agreement not to settle the case without its consent." See *Combs v. Hunt*, 140 Va. 627, 125 S.E. 661, 37 A.L.R. 621.

The headnote in *St. Louis Dressed Beef & P. Co. v. Maryland Casualty Co.*, 201 U.S. 173, 50 L. Ed. 712, reads: "The amount paid by an employer in the prudent settlement of suits against it, founded on the negligence of an employee, may be recovered from the insurer against loss because of such negligence, who had denied all liability, and refused to defend the suits, as provided in the policy, although such policy contains a condition against compromising any claim without the written consent of the insurer, and provides that no action shall lie against the insurer as respects any loss under the policy unless it shall be brought by the assured himself, to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue." In the opinion *Mr. Justice Holmes* said: "But a

sum paid in the prudent settlement of a suit is paid under the compulsion of the suit as truly as if it were paid upon execution."

The first and most obvious of the positive obligations created by an insurer's unjustified refusal to defend is its obligation to pay the amount of the judgment rendered against the insured or of any reasonable compromise or settlement made in good faith by the insured of the action brought against him by the injured party. Annotation 49 A.L.R. 2d 717, where numerous cases are cited from many jurisdictions, including North Carolina.

*Anderson v. Insurance Co.*, 211 N.C. 23, 188 S.E. 642, was an action brought by plaintiff against defendant to recover the amount paid by plaintiff for bodily injury damage, on account of an accident that is alleged to be covered by the liability insurance policy issued by defendant to plaintiff. Actions were brought against plaintiff by parties injured in a collision. Immediately, and before the time for answering had expired, notice was given defendant, who refused to defend. Later, the actions were compromised by plaintiff, and this action was brought to recover under the policy the amount paid the injured parties. The record in this case on file in the office of this Court shows that the compromises were in the form of consent judgments, signed by counsel for the parties and the presiding judge. The Court in its opinion said: "It goes without saying that the compromise amount sued for by plaintiff, which was paid by plaintiff to those injured, must be reasonable and made in good faith."

The case was again before this Court, and is reported in 212 N.C. 672, 194 S.E. 281. The Court in its opinion said: "The jury has found by its verdict that the defendant insured the truck set out and described in the complaint, and that the plaintiff was reasonably required to expend the amount claimed by it herein in settlement of suits instituted for damages resulting from the negligent operation of the said truck. Under the verdict of the jury, judgment was properly rendered against the defendant."

In *Cab Co. v. Casualty Co.*, 219 N.C. 788, 15 S.E. 2d 295, the Court quoted from the case of *Anderson v. Insurance Co.*, 211 N.C. 23, what we have quoted above, and then quoted from Huddy, Encyclopedia of Automobile Law, 9th Ed., Vol. 13-14, § 294, as follows: "By denying liability or refusing to settle claims against insured, which are covered by the automobile indemnity policy, the insurance company commits a breach of the policy contract and thereby waives the provisions defining the duties and obligations of the insured. Thereafter, the insured may properly assume responsibility for the conduct of his own defense of the case, and may either continue the litigation and go to trial with the case, or, if his judgment so dictates, he may make

a reasonable settlement of the claim. Under such circumstances, he may recover from the company the amount which is reasonably required to effect the settlement as damages ordinarily and naturally resulting from the insurer's failure to defend the action, even though the contract provided for recovery only when the payment is in satisfaction of a judgment." To the same effect see *Commercial Casualty Ins. Co. v. Tri-State Transit Co.*, 190 Miss. 560, 1 So. 2d 221, 133 A.L.R. 1510, and see Annotation 49 A.L.R. 2d 748, as to application of the general rule permitting settlements by the insured despite the presence of a "no settlement" clause, and as to reasonableness of the settlement and good faith in making it, and the same annotation, page 720-1, as to limit of liability of the insurer to pay the amount of the judgment or settlement. Beginning on page 694 and ending on page 760 of 49 A.L.R. 2d is an elaborate annotation on the consequences of an liability insurer's refusal to defend.

Plaintiff cites and relies on what is said in *Squires v. Insurance Co.*, 250 N.C. 580, 108 S.E. 2d 908, as follows: "The defendant had an opportunity to defend in the plaintiff's action against the defendant's named insured. The judgment is, therefore, conclusive as to the insurer on the question of agency and damage. The only defense available to the defendant is that its policy does not cover the insured's liability." The record on file in this case in the office of the Clerk of this Court shows that the judgment plaintiff obtained was based on a trial and a jury verdict. What is said in that case is not applicable to the instant case, where plaintiff's judgment against the insured is a consent judgment.

If the policy here was in force at the time plaintiff was injured, which is alleged by plaintiff and denied by defendant, then defendant's refusal to defend the action brought by plaintiff against its insured to recover damages for bodily injuries sustained, while riding as a passenger in its insured's automobile, was a breach of its contract with its insured, and was an unjustified refusal, and released its insured from a provision of the policy prohibiting the insured from assuming any obligation or incurring any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident, and from a provision of the policy making the liability of the insurer dependent upon a final determination of its insured's obligation to pay either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company, and under such circumstances, its insured could make such a reasonable compromise or settlement or consent judgment in good faith as ordinary or reasonable prudence and caution might dictate to be advisable. If, under

such circumstances its insured entered into a reasonable consent judgment in good faith, then there is a positive obligation on defendant, created by its unjustified refusal to defend the suit instituted by plaintiff against its insured to recover damages for bodily injuries, to pay the amount and costs of such reasonable consent judgment entered into in good faith by its insured in the action brought against him by plaintiff, and, therefore, the only questions still litigable, according to the pleadings before us, are: One, whether the policy was in force at the time of plaintiff's injuries. And two, if the policy was in force, whether the consent judgment entered into was reasonable and made in good faith, and if not, the amount of plaintiff's damages. G.S. Chapter 20, Article 9A, Section 20-279.21, subsection (f), 1; *Krasilovsky Bros. Truck Corp. v. Maryland Cas. Co.*, 54 N.Y.S. 2d 60; 5A Am. Jur., Automobile Insurance, page 131; Annotation 49 A.L.R. 2d, page 749.

In *St. Louis Dressed Beef & P. Co. v. Maryland Casualty Co.*, *supra*, the Court said: "We assume that the settlement was reasonable, and that the plaintiff could not expect to escape at less cost by defending the suits. If this were otherwise, no doubt the defendant would profit by the fact. The defendant did not agree to repay a gratuity, or more than fairly could be said to have been paid upon compulsion."

The briefs of plaintiff and defendant state that in the case of plaintiff against James Henry Johnson, defendant's insured, Johnson failed to file an answer, and a judgment by default and inquiry was entered against him by the clerk of the superior court of Mecklenburg County on 13 July 1960, and on 20 July 1960 a consent judgment in the case was signed by attorneys for plaintiff and attorneys for defendant Johnson and by the assistant clerk of the superior court of Mecklenburg County. However, the record before us contains no reference to a judgment by default and inquiry.

It follows from what is said above that Judge Patton was correct in allowing plaintiff's motion to strike in its entirety, with the exceptions that the allegation in paragraph 11 of the answer that "it is not indebted to and is not liable to the plaintiff," and the allegation in the further answer "that the plaintiff was not entitled to $5,000.00 for the injuries complained of" should not have been stricken.

Defendant, if it sees fit, can make a motion in the court below to amend its answer to allege facts, if it can, to show that the consent judgment was not a reasonable settlement in good faith of plaintiff's bodily injuries and as to the nature and extent of her bodily injuries.

Judge Patton's order is

Modified and Affirmed.