INDIANA LUMBERMEN'S MUTUAL INSURANCE COMPANY, Plaintiff v.
BOYCE R. CHAMPION, Defendant

BOYCE R. CHAMPION, Third-Party Plaintiff v. NATIONWIDE MUTUAL IN-
SURANCE COMPANY, Third-Party Defendant

INDIANA LUMBERMEN'S MUTUAL INSURANCE COMPANY, Third-Party
Plaintiff v. NATIONWIDE MUTUAL INSURANCE COMPANY, Third-
Party Defendant

No. 8527SC1029

(Filed 6 May 1986)

1. **Insurance § 106.1— insurance company's unjustified refusal to defend—breach of contract—no action defense not available**
    The trial court did not err in actions arising from an automobile collision by not permitting Nationwide to offer as a defense that the actions had been brought in violation of the "no action" provision of its policy where Nationwide had unjustifiably refused to defend the action.

2. **Insurance § 108— no coverage defense excluded—no error**
    The trial court did not err in an action arising from an automobile collision by not permitting Nationwide to offer the defense of "no coverage" where the record does not contain any evidence offered by Nationwide at a hearing on the third party action and defendant Champion's affidavit supported the court's determination that the vehicle driven by Champion was a utility automobile as defined in Nationwide's policy.

3. **Appeal and Error § 42.2— insurance policy not in record—court's ruling on statute of limitations presumed correct**
    The trial court in an action arising from an automobile collision was presumed correct in finding, concluding, and ruling that the three year statute of limitations did not apply to the action where the insurance policy was not made a part of the record on appeal.

4. **Appeal and Error § 6.8; Rules of Civil Procedure § 56.7— denial of summary judgment—no review after trial on merits**
    The trial court's denials of Nationwide's motions for summary judgment and judgment on the pleadings were not reviewable on appeal because a final judgment was rendered in a trial on the merits.

5. **Judgments § 37.2— evidence supporting defenses not offered at hearing—judgment entered—defenses precluded at trial**
    The trial court did not err in an automobile accident collision case by refusing to allow Nationwide to offer evidence supporting its defenses at trial and by concluding that the judgment against defendant Champion would automatically be a judgment against Nationwide where Nationwide had elected not

to present evidence at a hearing on the third party actions, judgment was entered after the hearing determining that Nationwide was liable if the liability of its insured was established, and that entry of judgment determined the issue.

**6. Automobiles and Other Vehicles § 90.11— brake failure—no instruction on unavoidable accident—error**

The trial court erred in an action arising from an automobile accident by refusing to submit to the jury the issue tendered by defendant Champion concerning a latent defect in his brakes and by not instructing the jury on that issue where the instruction tendered by Champion was a correct statement of the law and the evidence supported the instruction and the issue.

**7. Automobiles and Other Vehicles § 88— automobile accident—contributory negligence—evidence insufficient**

The trial court did not err in an action arising from an automobile accident by refusing to instruct on the contributory negligence of plaintiff Lumbermen's insured and on his duty to keep a proper lookout and to observe ordinary care where the evidence, even when viewed in the light most favorable to defendant Champion, was not sufficient to permit the jury to find that plaintiff's insured failed to use such care as an ordinarily prudent person would have used under similar circumstances.

APPEAL by defendant and third-party plaintiff, Boyce R. Champion, and by third-party defendant Nationwide Mutual Insurance Company (Nationwide) from *Davis, James C., Judge.* Judgment entered 30 April 1985 in CLEVELAND County Superior Court. Heard in the Court of Appeals 6 February 1986.

In December 1982, Indiana Lumbermen's Mutual Insurance Company (Indiana Lumbermen) instituted this civil action against Boyce Champion seeking to recover for monies paid by it to its insured, John Weston, for personal injury and property damage sustained by Weston in an automobile collision allegedly caused by Champion's negligence. In his answer, Champion admitted that he was involved in the collision but denied negligence or liability on his part.

Subsequently, Champion filed an amended answer, in which he pleaded the contributory negligence of Weston as a defense, and a third-party complaint against Nationwide. Champion alleged that Nationwide sold him an automobile liability insurance policy which was in full force and effect on the date of the collision; that Weston made claim for damages arising out of the collision against Nationwide as Champion's insurer; that Nationwide denied coverage under its policy; that thereafter Weston's in-

surer, Indiana Lumbermen, paid Weston's claim pursuant to the uninsured motorist provisions of its policy and instituted the present action against Champion; that Champion made demand upon Nationwide to defend the present action and to pay the claim of Indiana Lumbermen should his liability be established; and that Nationwide has "wilfully, wantonly, negligently, and without legal excuse refused to defend said action and has continued to deny coverage under its policy." Champion requested as relief a judgment declaring that the policy issued to him by Nationwide covers his liability in this action, as well as compensatory damages arising from Nationwide's wrongful refusal to accept coverage under its policy. Champion also set forth a claim for punitive damages which was later stricken by the court.

In response, Nationwide filed an answer and motion in which it denied liability and raised as defenses: (1) that the vehicle driven by Champion at the time of the collision was not one covered by its policy and (2) that Champion had brought the third-party action in violation of the "no action" provision in its policy. Nationwide moved to dismiss the third-party action for failure to state a claim upon which relief can be granted and on the ground the action was premature under the terms of the policy on which it was based and moved for judgment on the pleadings and for summary judgment in its favor.

Thereafter Indiana Lumbermen filed a third-party complaint against Nationwide also seeking a judgment declaring that the policy issued by Nationwide covered Champion's liability arising out of the collision and seeking judgment against Nationwide based on Weston's claim for damages to which it was subrogated. In its responsive pleading, Nationwide denied coverage under its policy and liability on its part and asserted various defenses. Nationwide moved to dismiss the action based on the "no action" provision in its policy and based on the three-year statute of limitations, among other grounds, and moved for judgment on the pleadings and for summary judgment.

The third-party actions and Nationwide's motions came on for hearing on 17 September 1984. By order entered 21 September 1984, the trial court, based on the verified pleadings and the affidavit of Champion, denied Nationwide's motions to dismiss the actions and for summary judgment and judgment on the plead-

ings. With respect to the declaratory judgment requested by Indiana Lumbermen and Champion, the court, in the 21 September 1984 order, found as follows:

1. That [Nationwide] issued to Boyce R. Champion its policy of insurance number 61B867364 which was issued to comply with the Financial Responsibility Act, G.S. 20-279 seq. et [sic], and was an owner's policy as defined in G.S. 20-279.21.

2. That the policy of insurance issued by Nationwide defined an "owned automobile" [as] . . .

"(c) a private passenger, farm or utility automobile ownership of which is acquired by the named insured during the policy period, provided

.   .   .

"(2) the company insures all private passenger, farm and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company during the policy period . . . or within thirty days after the date of such acquisition of his election to make this and no other policy issued by the company applicable to such automobile, or . . .

" 'utility automobile' means an automobile, other than a farm automobile, with a load capacity of fifteen hundred pounds or less of the pick-up body, sedan delivery or a panaled [sic] truck type not used for business or commercial purposes. . . ."

3. That on June 4, 1981, Champion acquired a 1954 Dodge truck.

4. That on June 4, 1981, the date Champion acquired the Dodge truck, he was in a collision with one John K. Weston and Weston received personal injury and his vehicle was damaged.

5. That [Nationwide] was given notice of the collision and . . . of this action and refused to defend the action and denied coverage under the policy.

6. That on June 4, 1981, the policy of insurance issued by . . . Nationwide . . . insured all private passenger, farm and utility automobiles owned by Boyce R. Champion.

7. That the original action by [Indiana Lumbermen] against Boyce R. Champion alleged that Champion's negligence while operating a motor vehicle, to wit: the 1954 Dodge truck, resulted in personal injuries and property damage to said John K. Weston and his automobile.

The court concluded that the policy issued by Nationwide to Champion afforded coverage to Champion while operating the 1954 Dodge truck on 4 June 1981 and that Nationwide had a duty to defend the action instituted by Indiana Lumbermen against Champion and issued the declaration of law requested by the third-party plaintiffs.

Prior to trial the parties stipulated to the amount of damages recoverable should it be determined that Champion and Nationwide were liable to Indiana Lumbermen. After Indiana Lumbermen and Champion presented their evidence at trial on the issue of negligence, Nationwide moved to be allowed to present evidence as to its defenses including its defense of no coverage. The court denied the motion based on the 21 September 1984 order and the parties' stipulations. The jury found that Weston was injured or damaged by the negligence of Champion and judgment was entered in accordance with the verdict against Champion and Nationwide. From the final judgment entered 30 April 1985, both Champion and Nationwide appealed.

*George C. Collie and Charles M. Welling for plaintiff-appellee Indiana Lumbermen's Mutual Insurance Company.*

*Hamrick, Mauney, Flowers, Martin & Deaton, by Fred A. Flowers, for defendant-appellant Boyce R. Champion.*

*Horn, West, Horn & Griffin, P.A., by J. A. West, for third-party defendant-appellant Nationwide Mutual Insurance Company.*

WELLS, Judge.

## Nationwide's Appeal

[1]   Nationwide first contends the trial court erred in its order of 21 September 1984 by not permitting Nationwide to offer as a defense that the third-party actions had been brought in violation of the "no action" provision of its policy. In its pleadings, Nationwide alleged as a defense that the third-party actions were brought in violation of Condition Six of the policy it issued to Champion and that such actions were premature because the liability of Champion had not yet been judicially determined or agreed upon by the parties. Condition Six of the policy allegedly provides as follows in pertinent part:

> No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by Judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company.

> Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the Company as a party to any action against the Insured to determine the Insured's liability, nor shall the Company be impleaded by the Insured or his legal representative.

In the 21 September 1984 order, the trial court concluded that Nationwide was not entitled under the law to plead any policy defenses, relying on *Nixon v. Insurance Co.*, 255 N.C. 106, 120 S.E. 2d 430 (1961), and denied those defenses. Nationwide apparently contends the court's ruling was erroneous with respect to its defense based on Condition Six of the policy, the "no action" provision and argues that *Nixon* is distinguishable. We disagree.

In *Nixon*, our Supreme Court held that where a liability insurer denies liability for a claim asserted against the insured and unjustifiably refuses to defend an action therefor, such refusal

constitutes a breach of the insurer's contract with the insured and the insured is released from certain provisions of the policy including a provision making the liability of the insurer dependent upon a final determination of its insured's obligation to pay either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. As our Supreme Court recognized in *Nixon*, courts generally hold that where an insurer unjustifiably refuses to defend an action against its insured, the insurer waives its right to enforce a "no action" provision in the policy, such as the one in Condition Six of the policy concerned herein and cannot thereafter successfully invoke that provision. *See also* Annot., 49 A.L.R. 2d 694 (1956); 44 Am. Jur. 2d, *Insurance* § 1420 (1982 and Supp. 1985); 14 Couch, *Insurance* 2d § 51:163 (1982). *See, e.g., Satterwhite v. Stolz*, 79 N.M. 320, 442 P. 2d 810 (1968).

The obligation of a liability insurer to defend an action brought by an injured third party against the insured is absolute when the allegations of the complaint bring the claim within the coverage of the policy. *Insurance Co. v. Insurance Co.*, 269 N.C. 358, 152 S.E. 2d 513 (1967); *Stanback v. Westchester Fire Ins. Co.*, 68 N.C. App. 107, 314 S.E. 2d 775 (1984). *See also Waste Management v. Insurance Co.*, slip op. no. 70PA85 (N.C., filed 18 February 1986). The insurer's refusal to defend the action is unjustified if it is determined that the action is in fact within the coverage of the policy. 14 Couch, *Insurance* 2d § 51:156 (1982). This is so even if the refusal to defend is based on the insurer's honest but mistaken belief that the claim is outside the policy coverage. *Id.*

The allegations of the complaint filed by Indiana Lumbermen against Champion were sufficient to bring the claim set forth therein within the coverage of Nationwide's policy; yet Nationwide denied coverage under its policy and refused to defend the action. In the 21 September 1984 order, the court concluded that Nationwide had a duty to defend the action and determined that Indiana Lumbermen's claim was within the coverage of Nationwide's policy. Since the claim was within the coverage of Nationwide's policy, Nationwide's refusal to defend the action was unjustified and therefore Nationwide was not entitled to successfully invoke the "no action" provision in its policy as a defense. *See Nixon v. Insurance Co., supra*; 14 Couch, *Insurance*

2d §§ 51:156 and 51:163 (1982). Accordingly, we find no error in the court's ruling as to this policy defense.

[2] Nationwide contends the court erred in the 21 September 1984 order by not permitting it to offer the defense of "no coverage" and by determining that its policy provided coverage to Champion. Nationwide argues that the 1954 Dodge van truck driven by Champion at the time of the collision was not "a private passenger, farm or utility automobile" as defined in its policy and that therefore its policy did not cover Champion's liability arising from his operation of that vehicle.

The record does not show that the court refused to permit Nationwide to offer the defense of "no coverage"; rather, it tends to show that Nationwide simply elected not to offer any evidence at the 17 September 1984 hearing concerning whether the 1954 Dodge vehicle was one covered by its policy. If any evidence was presented by Nationwide at the hearing on the third-party actions, it has not been included in the record on appeal. When the evidence is not in the record, it is presumed that the court's findings are supported by competent evidence and the findings are conclusive on appeal. *Steadman v. Pinetops*, 251 N.C. 509, 112 S.E. 2d 102 (1960); *Town of Mount Olive v. Price*, 20 N.C. App. 302, 201 S.E. 2d 362 (1973). The record does contain the affidavit of Champion and the verified pleadings of Indiana Lumbermen. These materials were considered by the court in entering the 21 September 1984 order and are either consistent with or support the findings made by the court. The remaining pleadings in the record are unverified.

It is clear from the findings made that the court determined that the 1954 Dodge vehicle driven by Champion at the time of the collision was a utility automobile as defined in Nationwide's policy. The affidavit of Champion supports this determination. We are unable to say based on the record before us that such finding was error. The court concluded that Nationwide's policy covered Champion's liability arising out of his operation of the 1954 Dodge truck on the date of the collision, relying on *Devine v. Casualty & Surety Co.*, 19 N.C. App. 198, 198 S.E. 2d 471, *cert. denied*, 284 N.C. 253, 200 S.E. 2d 653 (1973). The findings made by the court are sufficient to support this conclusion. We therefore find no error in the court's determination that Nationwide's policy provided coverage to Champion in these circumstances.

[3]   Nationwide next assigns as error the court's conclusion in the 21 September 1984 order that the three-year statute of limitations is not applicable to the third-party action instituted against Nationwide by Indiana Lumbermen. The insurance policy issued by Nationwide to Champion has not been made a part of the record on appeal. Where the record is silent on a particular point, it is presumed that the trial court acted correctly. *State v. Dew*, 240 N.C. 595, 83 S.E. 2d 482 (1954). In the absence of the policy from the record, we presume the trial court was correct in finding, concluding and ruling that the three-year statute of limitations does not apply to the action.

[4]   Nationwide assigns as error the trial court's denial of its motions for summary judgment and judgment on the pleadings. Since material outside the pleadings was presented to and considered by the court, specifically Champion's affidavit, Nationwide's motions for judgment on the pleadings were to be treated as ones for summary judgment. N.C. Gen. Stat. § 1A-1, Rule 12(c) of the Rules of Civil Procedure. Our Supreme Court recently held in *Harris v. Walden*, 314 N.C. 284, 333 S.E. 2d 254 (1985), that "the denial of a motion for summary judgment is not reviewable during appeal from a final judgment rendered in a trial on the merits." We find such law controlling in the present case and therefore overrule this assignment of error.

[5]   Lastly, Nationwide contends the trial court erred by refusing to allow it to offer evidence supporting its defenses at the jury trial and by concluding that a judgment against Champion would automatically be a judgment against Nationwide. Nationwide had an opportunity to present evidence supporting its defenses at the 17 September 1984 hearing on the third-party actions. It apparently elected not to offer any evidence at that time. By the judgment entered 21 September 1984, the court rejected Nationwide's defenses and in effect determined that Nationwide was liable in the event the liability of its insured, Champion, was established. The entry of that judgment determined that issue in this case. Since Nationwide's liability had been established and the parties had stipulated to the amount of damages recoverable, the entry of judgment against Nationwide upon the establishment of Champion's liability was proper.

## Champion's Appeal

[6]   Champion assigns as error the trial court's refusal to submit to the jury the issue tendered by him concerning a latent defect in his brakes and to instruct upon such issue as he requested. Champion tendered a written request for the following instruction on brake failure:

> If because of some latent defect, unknown to the operator of an automobile and not reasonably discoverable on proper inspection, he is not able to control movement of his automobile, he is not negligent, and for that reason not liable for injuries resulting from such loss of control of his vehicle.

He further requested that the following issue be submitted to the jury: "Was the loss of control of [Champion's] vehicle because of some latent defect in the brakes, the origin of which was unknown to [Champion] and not reasonably discoverable upon a brake inspection?" The trial court denied both requests.

It is well established that when a party aptly tenders a written request for a specific instruction which is correct in itself and supported by the evidence, the failure of the court to give the instruction, at least in substance, is reversible error. *Bass v. Hocutt*, 221 N.C. 218, 19 S.E. 2d 871 (1942); *Calhoun v. Highway Com.*, 208 N.C. 424, 181 S.E. 271 (1935). It is also error for the trial court to refuse to submit to the jury an issue tendered which is raised by the pleadings and supported by the evidence. *Copening v. Insurance Co.*, 224 N.C. 97, 29 S.E. 2d 33 (1944); *Lewis v. Pate*, 208 N.C. 512, 181 S.E. 623 (1935).

The instruction requested by Champion was a correct statement of the law in this State as set forth in *Stephens v. Oil Co.*, 259 N.C. 456, 131 S.E. 2d 39 (1963). *See also Wilcox v. Motors Co.*, 269 N.C. 473, 153 S.E. 2d 76 (1967). *Compare* N.C.P.I. — Civil 215.80. In *Stephens*, our Supreme Court stated:

> The Legislature did not intend to make operators of motor vehicles insurers of the adequacy of their brakes. The operator must act with care and diligence to see that his brakes meet the standard prescribed by statute; but *if because of some latent defect, unknown to the operator and not reasonably discoverable upon proper inspection, he is not*

*able to control the movement of his car, he is not negligent,*
*and for that reason not liable for injuries directly resulting*
*from such loss of control.* The injuries result from an un-
avoidable accident. [Emphasis added.]

The pleadings in this case are sufficient to raise the issue
tendered by Champion concerning the latent defect in his brakes;
thus, the only question remaining is whether the evidence sup-
ports submission and instruction upon this issue.

The evidence presented at trial tends to show the following
facts: On the afternoon of 4 June 1981, defendant Champion and
his wife purchased a 1954 Dodge van. Before driving the van,
Champion checked its brakes and the brake fluid and put a capful
of brake fluid in the master cylinder of the vehicle. After purchas-
ing the van, Champion proceeded to drive it home with his wife
following behind him in another vehicle. As Champion proceeded
south on rural paved road 2044 approaching the intersection of
that road with rural paved road 2033, he began trying to apply
his brakes when he was approximately 300-500 feet from the stop
sign at the intersection. Champion testified that at that point:

I laid my foot up on the brake pedal, the brake pedal was
there. The brake pedal was a full pedal. It didn't go to the
floor. . . . [A]s I approached on down the hill I started apply-
ing pressure to the brakes. The brake pedal would not mash
so at that time I looked to see if there was anything under
the brake pedal the reason it wouldn't push and I put enough
pressure on the brake pedal that I bent the steering wheel
with my hands and it would not mash. That was approximate-
ly 200 feet on down the road. I seen the brakes would not
mash so I started gearing the vehicle down. I pushed it into
third gear and the vehicle just [went] "whoom," you know, in
slow motion, like it was slung. Then I tried to come to second
gear and it wouldn't come in. It just — gear stripped. It would
not come in second gear. And at this time, I was approxi-
mately 300 foot when I lost the clutch. I tore the clutch out of
the vehicle when I jammed it in third gear. Then at that
time, I tried to get it in low gear. I was approaching approx-
imately 150 foot to the intersection and which, at this time, I
seen the Weston vehicle coming or I'd seen it before that but
I seen we were going to meet so I turned the vehicle to the

right in an opening . . . but it wouldn't turn. The speed and the force of the vehicle and the friction with the road, it just got in sort of a like this and the truck did not turn where I was trying to turn it. . . . I was trying to estimate it and I was trying to turn my truck behind Mr. Weston's truck.

Champion's efforts to avoid Weston's truck were unsuccessful and the two vehicles collided near the intersection.

Champion's wife testified that as she followed Champion in the vehicle behind him she could see him through the back window of the van; that smoke started boiling up from the van when it was about 300 feet from the intersection; that she saw her husband pulling on the steering wheel of the van; and that upon seeing this, she started blowing her car horn. The evidence further tends to show that Champion had been driving the van for about an hour and had stopped it at least four times without any problem prior to the collision.

The testimony of L. W. Blanton, the highway patrolman who investigated the collision, tends to show that when Blanton arrived on the scene Weston's truck was for the most part on the right shoulder of highway 2033 and Champion's van was partially on the right side of the highway and partially in the roadway; that there was a stop sign at the intersection for traffic travelling south on road 2044; and that Champion told the patrolman that he had tried to apply his brakes but was unable to stop for the stop sign because of some problems with his vehicle. Patrolman Blanton observed damage to the inside of Champion's vehicle and observed 105 feet of scuff and skid marks on the road made by Champion's vehicle as it approached the intersection and Weston's vehicle.

Weston's testimony tends to show that Weston was operating a pickup truck in an easterly direction on rural paved road 2033 on 4 June 1981; that as he approached the intersection of that road with rural paved road 2044, he observed Champion's van coming down road 2044 and saw that it was not going to be able to stop; that upon seeing this, Weston pulled his truck onto the right shoulder of road 2033 approximately 100 feet west of the intersection and stopped, and lay down in the seat of his truck. Prior to the collision, Weston noticed that the tires on

Champion's vehicle were skipping on the road and heard the tires sliding, skipping and squealing.

We conclude that the evidence is sufficient to permit the jury to find that Champion was unable to stop at the intersection and to control his vehicle so as to avoid the collision because of a defect in his brakes, that Champion was unaware of the defect and that the defect was not reasonably discoverable upon proper inspection and did not result from Champion's failure to exercise reasonable care in inspecting, using or maintaining the brakes. Thus, the evidence supports the instruction and issue submitted by Champion concerning a latent defect in his brakes and it was error for the trial court to refuse to submit and instruct upon that issue. *See Stephens v. Oil Co., supra.* Because of such error, Champion is entitled to a new trial on the question of his negligence.

[7] Champion further assigns as error the court's refusal to submit to the jury the issue of Weston's contributory negligence and to instruct upon Weston's duty to keep a proper lookout and to observe ordinary care as he requested. The court concluded that the evidence presented established as a matter of law that Weston was not contributorily negligent and for that reason refused to submit the issue of contributory negligence to the jury and to give the instructions correlative to that issue tendered by Champion. We find no error in the trial court's rulings on this issue. The court's refusal to give instructions and to submit an issue tendered by a party which are not supported by the evidence is proper. *Jordan v. Storage Co.,* 266 N.C. 156, 146 S.E. 2d 43 (1966) (instructions requested); *Hooper v. Glenn,* 230 N.C. 571, 53 S.E. 2d 843 (1949) (issue tendered). The evidence here, even when viewed in the light most favorable to Champion, is insufficient to permit the jury to find that Weston failed to use such care as an ordinarily prudent person would have used under similar circumstances and thus was contributorily negligent. *See Cockman v. Powers,* 248 N.C. 403, 103 S.E. 2d 710 (1958). Champion's assignments of error numbers 2, 3 and 5 are hereby overruled.

In summary, we affirm the judgment entered by the trial court on 21 September 1984 on Nationwide's motions and on the request of Indiana Lumbermen and Champion for a declaratory

judgment but hold that Champion is entitled to a new trial on the question of his negligence.

Affirmed in part; new trial in part.

Judges WHICHARD and COZORT concur.