■ EDITH BROCKBANK, Appellant, v. TRAVELERS INSURANCE COMPANY et al., Respondents.— Plaintiff appeals from an order of the Supreme Court which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment and dismissed the complaint, and from the judgment entered thereon. The Travelers Insurance Company issued to Dorothy Stickles and Bernard Stickles, doing business as Woodside Convalescent Home, a standard liability insurance policy covering premises at 53 Market Street, Ellenville, New York. Plaintiff alleges that she was injured while a resident patient on the premises by a fall from her bed. She alleges the fall was due to the negligence of the named insureds in failing to properly place or adjust the sideboards of plaintiff's bed to protect her from falling. Defendants contend that the policy did not cover the accident. The only question presented on this appeal is one of policy coverage. The policy insured Bernard and Dorothy Stickles, tenants, and the owner of the premises against liability for damages arising from their negligence in " The ownership, maintenance or use of the premises, and all operations necessary or incidental thereto." No defect in the premises or negligence in the maintenance of the premises is alleged. The only negligence alleged is in connection with the operation of an article of personal property located thereon. It seems doubtful if such negligence comes within the main coverage of the policy, but it is perhaps arguable that a factual question is presented in the interpretation of the language. However, the policy contained an exclusion indorsement in effect at the time of the alleged accident, which read, in part: " EXCLUSION OF MALPRACTICE AND PROFESSIONAL SERVICES. As respects any classification stated below or designated in the policy as subject to this endorsement, the policy does not apply to injury, sickness, disease, death or destruction due to 1. the rendering or failure to render (a) medical, surgical, dental, x-ray or nursing service or treatment, or the furnishing of food or beverages in connection therewith; (b) any service or treatment conducive to health or of a professional nature ". Clearly the alleged negligence in connection with the placing, raising or adjustment of sideboards on the bed of a patient in a nursing home constitutes " nursing service " and was expressly excluded from coverage. Order and judgment unanimously affirmed, without costs.