Andrew Scott Keepes, a Minor Who Sues by Raymond Keepes, His Father and Next Friend, and Raymond Keepes, Plaintiffs, v. The Doctors Convalescent Center, Inc., a Corporation, Defendant.

The Doctors Convalescent Center, Inc., a Corporation, Defendant Third-Party Plaintiff-Appellee, v. Great American Insurance Company, a Corporation, Third-Party Defendant-Appellant.

Gen. No. 66–146.

Fifth District.

November 14, 1967.

Pope and Driemeyer, of East St. Louis (W. Thomas Coghill, Jr., of counsel), for appellant.

Goldenhersh & Goldenhersh, of East St. Louis (Michael A. Katz, of counsel), for appellee.

CREBS, J.

This is an action for declaratory judgment on an insurance policy seeking to compel appellant Insurance Company to satisfy a judgment for personal injuries entered against appellee Convalescent Center in favor of plaintiffs, Andrew Scott Keepes, a minor, and Raymond Keepes. On motion of the Convalescent Center for summary judgment, the trial court entered judgment against the Insurance Company from which this appeal is taken.

On March 21, 1965, Andrew Scott Keepes, being then about 18 months old, was badly burned by coming into contact with a hot radiator. This infant had been mentally and physically retarded since his birth and had been living at the Convalescent Center for about four months prior to this occurrence.

The insurance policy had an endorsement labeled "Exclusion of Malpractice and Professional Service" which provided: "the policy does not apply to injury, sickness, disease, death or destruction due to

"1. The rendering or failure to render

"(a) medical, surgical, dental, x-ray or nursing service or treatment, or the furnishing of food or beverages in connection therewith,

> "(b) any service or treatment conducive to health or of a professional nature."

The principal point in dispute is whether or not this endorsement excludes coverage for this accident.

Plaintiff's complaint in the original suit charged the Doctors Convalescent Center with the following acts of negligence:

> "a) The defendant failed and omitted to exercise any supervision and control over said plaintiff when the defendant well knew the plaintiff, because of his age and disability, was totally unable to care for himself and to appreciate the dangers attendant upon coming in contact with a radiator.
>
> "b) The defendant placed said child in a room where the danger of coming into contact with a hot radiator was well known to it, and because of plaintiff's physical and mental handicap could not be appreciated by him.
>
> "c) The defendant well knew that because of plaintiff's physical and mental handicap constant care and attention of him was required and it failed to provide the same.
>
> "d) After discovering the burns described in paragraph 6 above, the defendant permitted said child to remain in said premises unattended until the following day before giving the burns any medical care or attention, and thereby said burns were aggravated and the healing thereof was retarded."

The insurance company defended this suit under a reservation of rights agreement.

At the trial of the principal case Cherry Keepes, the mother of Andrew, testified that doctors had told her there was nothing they could do for Andrew and he had

been placed in the Convalescent Center in November, 1965, while waiting for an opening at the State Institution at Lincoln. The administrator of the Center testified that they took care of retarded children and that registered nurses, licensed practical nurses, nurses' aids and doctors were employed for this purpose. A pediatrician had examined Andrew at the time he was admitted and found him to be mentally retarded and unable to move. A licensed practical nurse was supervising the building at the time of the accident. On the day of the occurrence, Susie McDonald, a nurses' aid, took Andrew out of bed, laid him on a sheet on the floor and went to prepare his bath. She was gone from the room three or four minutes, leaving no adult in charge of the room, and when she returned Andrew had somehow gotten to the radiator. She then got the supervisor who sprayed something on the burns. The supervisor did not call the doctor although the nurses' aid suggested this be done. On the basis of this evidence in the original trial, the court granted plaintiff's motion for a directed verdict on the issue of liability.

Appellee's motion for summary judgment in this case had attached the affidavit of Bernard Tureen, President of the Doctors Convalescent Center. It was in proper form and made the following fact allegations: Andrew was a resident in a home operated by Appellee which provided residential facilities for retarded children. Susie McDonald, the nurses' aid, was employed as a maid and that, prior to her employment by Appellee, she had worked as an order filler for Alden's a mail-order merchandise company. The affidavit also stated that Susie McDonald is not a nurse, has had no medical or nursing training, and does not perform any nursing services of any kind, her employment being limited to cleaning rooms, changing bedding and helping to feed and bathe the children. Professional services were to

be rendered to Andrew only in event of illness and Andrew was not ill prior to the occurrence.

No counteraffidavits were filed.

Appellant contends that these facts bring the occurrence within the exclusion of the policy. We do not agree. No Illinois cases directly in point are cited by either side and the cases from other jurisdictions are in conflict.

The facts show that this was an injury caused by negligence. It was connected with normal living—the child was being prepared for a bath and the child was in what was then his home. While Susie McDonald was called a nurses' aid, she was working as a maid. While the occurrence took place in the Doctors Convalescent Center, aside from the negligence which caused the injury, nothing was being done with the infant which would not be done in an ordinary home. A more difficult question arises as to subparagraph (d) of the complaint. While this is, in one sense, a failure to provide professional service, it is primarily a failure to perform a duty which devolves upon any person who has negligently injured another. Since we hold that the insurance company is liable for the negligence we hold they are also liable for the consequences of the negligence.

Appellant also objects to the allowance of attorney fees. The insurance company had a duty under its policy to defend the original suit. It did this except as to the motion for new trial. As to this third party action we find no duty on the insurance company to pay attorney fees unless it would come under c 73, § 767, Ill Rev Stats. Since counsel admits there are no Illinois cases in point, we hold the refusal to pay in this case is not vexatious and without reasonable cause.

Judgment affirmed except as to attorney fees; reversed and remanded as to attorney fees, with instruc-

tions to allow only reasonable attorney fees for preparing and presenting motion for new trial in the original suit.

MORAN and EBERSPACHER, JJ., concur.