479 So.2d 577 (1985)
AMERICAN CASUALTY COMPANY
v.
HARTFORD INSURANCE COMPANY.
No. CA-84-0980.
Court of Appeal of Louisiana, First Circuit.
November 19, 1985.
*578 John E. Cox, Baton Rouge, for plaintiff-appellee, American Cas. Co.
Vicki M. Crochet, Baton Rouge, defendant-appellant, Hartford Ins. Co.
Before CARTER, SAVOIE and ALFORD, JJ.
ALFORD, Judge.
Defendant, Hartford Insurance Company (Hartford) appeals from a judgment in the trial court ordering it to pay plaintiff, American Casualty Company (CNA) $10,000 and dismissing Hartford's reconventional demand for $30,000 against CNA. Hartford, the professional liability insurer, paid $30,000 and CNA, the general liability insurer, paid $10,000 to Mr. Frank J. Greely in settlement of a claim for injuries sustained by Greely as a result of a fall at his doctor's office.

FACTS
On or about October 14, 1981, Greely, a 76-year-old gentleman, went to the offices of Bowers, Robin, Hargus, Alvarez and Mena (a professional medical corporation) d/b/a The Medical Clinic to see Dr. Richard Robin for evaluation prior to hospitalization for urological surgery. Dr. Robin requested that an EKG be conducted on Greely and he was instructed to proceed to a waiting room where he was to wait his turn. At the appropriate time, Ms. Beverly Saltzman, who was employed by the Medical Clinic as an EKG operator, instructed Greely to enter the EKG examination room, to remove his shirt and place himself upon the EKG examination table. Greely walked into the examination room unassisted and gave no indication that he needed assistance. After eliciting Greely's age, Saltzman turned her back to Greely to write the information on a card at which time she heard him fall to the floor. Greely apparently fell either while climbing upon the EKG table or moving about on that table. As a result of the fall, Greely sustained serious injury to his hip. Saltzman had no formal professional medical training but did have some on-the-job training for the purpose of conducting EKGs before she went to work for The Medical Clinic.
Greely filed suit against Hartford, CNA and The Medical Clinic to recover for his injury. Hartford issued a policy for professional liability to Dr. Robin and his individual corporation. Pursuant to the policy, Hartford paid $30,000 to Greely in settlement of the pending litigation. CNA was the general liability carrier for The Medical Clinic and, pursuant to its policy, paid $10,000 to Greely in settlement. Greely died before the trial from causes unrelated to the accident. After settlement, CNA filed suit against Hartford to recover the $10,000 which it contributed to the settlement and Hartford reconvened for its contribution of $30,000. After introduction of a joint stipulation of facts and other exhibits, including the deposition of Dr. Robin, the insurance policies of both Hartford and CNA and photographs of the EKG examination room, the case was argued and submitted on briefs. The trial court ruled in favor of CNA and against Hartford awarding CNA $10,000 and dismissing the reconventional demand of Hartford.
On appeal, Hartford contends that the trial court erred in finding that the accident involving Greely was a medical incident and not covered under the CNA policy and that the trial court erred in dismissing its reconventional demand.
When the trial judge relies totally upon a deposition of a witness and other documents *579 introduced into evidence, as did the trial judge in the present case, the manifest error standard of review of the factual findings of a trial court does not apply. "This court is as capable as the trial court of making factual findings based on the cold record." Ryan v. State of Louisiana and Livingston Parish Policy Jury, 477 So.2d 110 (La.App. 1st Cir.1985). Therefore, we are not faced with the question of whether the trial judge was clearly wrong, but are able to consider the whole record.
In the instant case, the Hartford policy covers injury caused by a medical incident, which is defined in the policy as "any act or omission in the furnishing of professional medical services." The CNA policy excludes from its coverage any injury caused by service or treatment conducive to health or of a professional nature, but covers injury sustained from an accident due to a defective premises or the furnishing of non-medical services. Thus, it must be determined which policy or policies are applicable in this instance.
The trial judge, in his oral reasons for judgment, was of the opinion that getting a person in position for an EKG is a part of the test and therefore a medical service or procedure. Hence, he found only the Hartford policy applicable. We disagree.
The test for determining whether an act is professional in nature was set forth in D'Antoni v. Sara Mayo Hospital, 144 So.2d 643, 646 (La.App. 4th Cir.1962), where the court stated: "In determining whether a particular act is of a professional nature, we must look, not to the title of or the character of the party performing the act, but to the act itself." D'Antoni held that the raising of a bed side rail was a purely mechanical act that could be performed by any unskilled person. D'Antoni at 646, 647. In Grant v. Touro Infirmary, 223 So.2d 148 (La.1969), the court held that the counting of surgical sponges by a surgical nurse was not a professional service. Danks v. Maher, 177 So.2d 412, 417 (La. App. 4th Cir.1965), held that the counting of laparatomy squares "was not an act requiring the exercise of a particular skill or discretion acquired or developed by a special training. It was an act which could have been done by any unskilled or untrained employee and it did not involve the exercise of any professional judgment."
Although the above cases relate to injuries sustained in hospitals, they are applicable in the instant case because they establish factors that should be considered in determining whether an act or failure to act is administrative or professional in nature.
After a careful review of the record and of cases of a similar nature, we feel compelled to conclude that the actions of Saltzman were purely mechanical and administrative in nature. Merely instructing a person to remove his shirt and place himself upon an examination table does not require the exercise of a particular skill or discretion which may be acquired by special training. The act could be performed by any unskilled or untrained employee. We therefore find that this type of non-medical and administrative act will be covered by the CNA general liability policy.
In addition, we find that this incident is covered by the Hartford professional liability policy. Greely visited Dr. Robin's office seeking professional medical services. Dr. Robin ordered that an EKG be performed on Greely and during the preparation for the EKG, Greely was injured.
The duty of care owed in this case is analogous to that owed by hospitals to their patients. In Kimball v. St. Paul Insurance Company, 421 So.2d 309, 310 (La.App. 1st Cir.1982), this court stated:
A hospital must exercise the care of a patient that his condition requires. This duty extends to protecting a patient from dangers which may result from plaintiff's mental and physical incapacities and from external circumstances peculiarly within the hospital's control.
Clearly, Greely was within Dr. Robin's control while at the doctor's office. Dr. Robin failed to properly furnish the medical services, resulting in Greely's injury. While we find the accident was caused *580 by the negligent administration of non-medical services by Saltzman, we hold that Dr. Robin was equally at fault in his failure to protect plaintiff and, hence, to properly furnish medical services. We therefore find that Dr. Robin's failure to furnish these medical services falls within the scope of the Hartford policy and therefore Hartford and CNA are solidarily liable.
Therefore, for the foregoing reasons, the judgment of the trial court is reversed. Judgment is hereby rendered in favor of Hartford Insurance Company on its reconventional demand for reimbursement and against American Casualty Company (CNA) in the amount of $10,000 in contribution, together with legal interest thereon from date of judicial demand until paid. CNA's suit against Hartford is dismissed with prejudice. Costs of this appeal are to be borne equally by CNA and Hartford.
REVERSED AND RENDERED.