JAMES EUGENE WILSON, JEANNETTE WILSON BY HER GUARDIAN AD LITEM, RONALD J. SHORT, AND CHRISTOPHER WILSON BY HIS GUARDIAN AD LITEM, RONALD J. SHORT v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY

No. 8821SC291

(Filed 20 December 1988)

1. **Insurance § 87.2— automobile liability insurance—lawful possession—resident of owner's household—sufficiency of evidence**

Plaintiffs' evidence was sufficient for the jury on issues as to whether a driver was in lawful possession of an automobile at the time of an accident and whether he was a resident of the same household as the owner where it tended to show that the car was owned by the driver's wife; the driver had driven the car before the accident, and his wife did not report the car as stolen or tell the investigating officer that the driver did not have permission to use the car; and the driver told police officers that his place of residence was the same as that of his wife.

2. **Appeal and Error § 50— instructions—failure to object at charge conference or before deliberations**

   Defendant insurer cannot complain on appeal about an instruction to which it did not object and essentially consented during the charge conference and to which it failed to object before jury deliberations began. Appellate Rule 10(b)(2).

3. **Insurance § 100— automobile insurance—insurer's unjustified refusal to defend—consent judgment by insured—payment of amount over policy limits**

   Where the record, including the jury's verdict, disclosed that defendant automobile liability insurer unjustifiably refused to defend an insured driver in an action brought by plaintiffs, the trial court had the authority to order defendant to pay the amount of a reasonable consent judgment entered in good faith by plaintiffs and the driver even though such amount exceeded the limits of the policy issued by defendant.

APPEAL by defendant North Carolina Farm Bureau Mutual Insurance Company from *Freeman, Judge.* Judgment entered 16 November 1987 in Superior Court, FORSYTH County. Heard in the Court of Appeals 31 October 1988.

This is a civil action wherein plaintiffs seek a judgment declaring the liability of defendants and awarding them compensation pursuant to insurance policies with defendants. The following facts are uncontroverted: Plaintiffs were injured in a car accident with Eddie Darrell Fields on 2 June 1985. At the time, Eddie Fields was driving a car owned by his wife. His wife's car was covered by an insurance policy issued to her by defendant North Carolina Farm Bureau Mutual Insurance Company ("Farm Bureau").

Plaintiffs brought an action against both Fields and his wife. Farm Bureau defended Fields' wife but elected not to defend Fields because it believed Fields was not insured under his wife's policy. When the claim against Fields' wife was dismissed, plaintiffs proceeded only against Fields.

Although defendant State Farm Mutual Automobile Insurance Company ("State Farm") covered plaintiffs for uninsured and underinsured motorists, it failed to become involved in any settlement negotiations or proceedings. Fields, not represented by counsel, eventually entered into a consent judgment awarding $35,000 to James Eugene Wilson, $5,000 to Jeannette Wilson, and $11,000 to Christopher Wilson. Both Farm Bureau and State Farm then denied coverage.

Plaintiffs then brought this action against defendants to determine liability and alleging bad faith on the part of State Farm. Two issues were submitted to and answered by the jury:

1) Was Eddie Darrell Fields in lawful possession of the vehicle belonging to Fannie Porch Fields on June 2 1985?

ANSWER: Yes

2) Was Eddie Darrell Fields a resident of the same household as Fannie Porch Fields on June 2, 1985?

ANSWER: Yes

The trial court entered a judgment making findings of fact and the following conclusions of law:

1. North Carolina Farm Bureau Mutual Insurance Policy afforded coverage to Eddie Darrell Fields while operating the 1980 Chrysler owned by his wife Fannie Porch Fields on June 2, 1985.

2. The allegations in the complaint brought by the Plaintiffs against Eddie Darrell Fields as the Defendant in 85 CVS 5891 brought the claim within coverage of the North Carolina Farm Bureau Mutual Insurance Policy in question.

3. Under its motor vehicle liability insurance policy, North Carolina Farm Bureau Mutual Insurance Company had a duty to defend Eddie Darrell Fields in case number 85 CVS 5891, and it breached its contract when it wrongfully failed to defend Eddie Darrell Fields as a Defendant in that action.

4. North Carolina Farm Bureau Mutual Insurance Company's refusal to defend Eddie Darrell Fields as the Defendant in case number 85 CVS 5891 was unjustified, and was in bad faith regardless of any mistaken belief that the claim was outside their policy coverage.

5. North Carolina Farm Bureau Mutual Insurance Company had a duty to try and settle a claim against its insureds in case number 85 CVS 5891; it breached that duty when they refused to accept an offer of settlement by the Plaintiffs in case number 85 CVS 5891 for policy limits.

6. North Carolina Farm Bureau Mutual Insurance Company's refusal to accept the Plaintiff's offer of settlement in case number 85 CVS 5891 for policy limits constituted a breach of the implied covenant of good faith and fair dealing.

7. The Plaintiffs shall recover of the Defendant North Carolina Farm Bureau Mutual Insurance Company the sum of $51,000 irregardless of policy limits.

All claims against State Farm were dismissed, and in a separate order, post-trial motions to set aside the verdict, for judgment notwithstanding the verdict, and for a new trial were denied. Defendant Farm Bureau appealed.

*William Z. Wood for plaintiff, appellee.*

*Petree Stockton & Robinson, by Robert J. Lawing and Richard J. Keshian, for defendant, appellant.*

*Hutchins, Tyndall, Doughton & Moore, by Richard Tyndall and Laurie H. Woltz, for defendant, appellee.*

HEDRICK, Chief Judge.

[1] Defendant Farm Bureau first argues the evidence was not sufficient to support submission of the issues to the jury. We disagree. Compulsory automobile insurance coverage is provided to a driver if he is in "lawful possession" of the automobile. G.S. 20-279.21. In this case, plaintiffs sought to prove Fields was in lawful possession of the car he was driving at the time of the accident. Plaintiffs also sought to prove Fields was a spouse of the policyholder and resident of the same household. This would have provided voluntary coverage under the language of the policy.

Taken in a light most favorable to plaintiffs, there was evidence both of Fields' lawful possession of the car and his residency being the same as that of his wife. There is evidence that Fields had driven the car before the accident, and his wife did not report the car as stolen or tell the investigating officer that Fields did not have permission to drive the car. This alone was some evidence of implied permission, and created an issue for the jury's resolution. *See Bailey v. Insurance Co.*, 265 N.C. 675, 144 S.E. 2d 898 (1965). Likewise, Fields told police officers that his

place of residence was the same as that of his wife. This and other evidence presented at trial made residency a proper issue for the jury's consideration. *See Great American Ins. Co. v. Allstate Ins. Co.*, 78 N.C. App. 653, 338 S.E. 2d 145 (1986). Defendant Farm Bureau's argument is without merit.

[2] Defendant Farm Bureau next argues that "the trial court's instructions were clearly erroneous and misled and prejudiced the jury." Farm Bureau contends the instructions as to the first issue were erroneous because the court did not instruct that permission, either express or implied, is an essential element of lawful possession. Farm Bureau has failed to preserve this question for review because it did not object to the instructions at the end of the jury charge and before deliberations began as provided in Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure.

Farm Bureau admits it failed to object, but argues that based on *Wall v. Stout*, 310 N.C. 184, 311 S.E. 2d 571 (1984), its exception to the instructions on lawful possession is preserved despite its lack of formal objection. We disagree. In *Wall v. Stout*, our Supreme Court held that where a plaintiff objected to a defendant's proposed instructions throughout the charge conference it was unnecessary for the objections to be repeated following the charge. The Court stated that Rule 10(b)(2) was "obviously designed to prevent unnecessary new trials caused by errors in instructions the court could have corrected if brought to its attention at the proper time." *Id.* at 188-89, 311 S.E. 2d at 574.

In the present case, even though the record shows there was much discussion as to what instructions would be given, no objections were made during the charge conference. Counsel for Farm Bureau at one point stated, ". . . I would say that there's no reason to put in the charge anything about permission. . . ." Farm Bureau cannot now complain about an instruction it did not object to and essentially consented to during the charge conference.

Defendant Farm Bureau further argues the trial court's instruction on residency was erroneous in that it was incomplete and overbroad. Upon review of the record, we disagree. The trial court's instructions were taken from previous cases dealing with residency and were neither misleading nor overbroad. These arguments are without merit.

[3]　Defendant Farm Bureau next argues the trial court exceeded its authority in ordering it to pay the amount of the consent judgment entered into by plaintiffs and Fields even though such an amount exceeded the policy limits. Farm Bureau's policy limits were $25,000 per person and $50,000 per accident. The consent judgment awarded $35,000 to James Wilson and $51,000 total. The trial court's rationale for ordering Farm Bureau to pay the total amount was that its "refusal to defend . . . was unjustified, and was in bad faith regardless of any mistaken belief that the claim was outside their policy coverage." The trial court also concluded Farm Bureau had a duty to settle the claim and that Farm Bureau breached an implied covenant of good faith and fair dealing. Defendant contends such conclusions and the order entered were erroneous because the issue of bad faith was raised during a post-trial motion hearing, was raised by a party without standing to do so, was not decided by the jury, was not supported by competent evidence, and was contrary to the law of North Carolina.

In *Indiana Lumbermen's Mutual Ins. Co. v. Champion*, 80 N.C. App. 370, 376, 343 S.E. 2d 15, 19 (1986), this Court addressed the issue of duty to defend and bad faith on the part of insurance companies:

The obligation of a liability insurer to defend an action brought by an injured third party against the insured is absolute when the allegations of the complaint bring the claim within the coverage of the policy. *Insurance Co. v. Insurance Co.*, 269 N.C. 358, 152 S.E. 2d 513 (1967); *Stanback v. Westchester Fire Ins. Co.*, 68 N.C. App. 107, 314 S.E. 2d 775 (1984). *See also Waste Management v. Insurance Co.*, slip op. no. 70PA85 (N.C., filed 18 February 1986). The insurer's refusal to defend the action is unjustified if it is determined that the action is in fact within the coverage of the policy. 14 Couch, *Insurance* 2d sec. 51:156 (1982). This is so even if the refusal to defend is based on the insurer's honest but mistaken belief that the claim is outside the policy coverage. *Id.*

In this case, the complaint in the action of plaintiffs against Fields is not in the record. The jury's verdict, however, determined the action was within the coverage of the policy. Defendant Farm Bureau's refusal to defend was therefore unjustified. Farm Bureau could not, if it had the opportunity, assert that it was an

honest mistake since that is irrelevant. The judge, basing his decision on the jury's verdict, properly concluded that Farm Bureau's actions were unjustified.

This Court has further addressed the consequences of unjustified refusal to defend:

> . . . When an insurer without justification refuses to defend its insured, the insurer is estopped from denying coverage and is obligated to pay the amount of any reasonable settlement made in good faith by the insured of the action brought against him by the injured party.

*Ames v. Continental Casualty Co.*, 79 N.C. App. 530, 538, 340 S.E. 2d 479, 485, *disc. rev. denied*, 316 N.C. 730, 345 S.E. 2d 385 (1986).

In this case, because Farm Bureau unjustifiably refused to defend Fields, it "is obligated to pay the amount of any reasonable settlement made in good faith. . . ." The record, including the jury's verdict, discloses the insurer unjustifiably refused to defend Fields, and the insurer is obligated to pay a reasonable settlement made in good faith. No question is raised that the judgments totalling $51,000 was not a reasonable settlement made in good faith. Thus, the trial court, based on this record, had the authority to order defendant Farm Bureau to pay $51,000.

We find no error in the trial, and the judgment is affirmed.

No error and affirmed.

Judges JOHNSON and PARKER concur.