WILKINS, Circuit Judge,
concurring in part and dissenting in part:
I concur in the part of the majority opinion affirming the grant of summary judgment to Penn America on the indemnity claim. However, I dissent from the majority’s affirmance on the duty-to-defend issue.
Under North Carolina law, a liability insurer has a duty to defend a lawsuit against its insured if, from the facts alleged in the complaint, there is even a “possibility” that coverage could exist for some or all of the potential liability from the suit. Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co., 315 N.C. 688, 340 S.E.2d 374, 377 n. 2 (N.C.1986); see Washington Housing Auth. v. N.C. Housing Auths. Risk Retention Pool, 130 N.C.App. 279, 502 S.E.2d 626, 629 (1998) (“[T]he insured has a right to a defense whenever the allegations show a potential that liability will be established within the insurance coverage, and the complaint contains no allegation of facts which would necessarily exclude coverage.” (internal quotation marks omitted) (alteration in original)). Moreover, “any doubt as to coverage must be resolved in favor of the insured.” Duke Univ. v. St. Paul Fire & Marine Ins. Co., 96 N.C.App. 635, 386 S.E.2d 762, 763-64 (1990).
Penn America’s policy obligated it to “pay those sums that the insured becomes legally obligated to pay as damages because of ... ‘property damage’ to which this insurance applies.” J.A. 30. Coverage is provided for “ ‘property damage’ only if: ... [t]he ... ‘property damage’ is caused by an ‘occurrence.’ ” Id. The policy defines “occurrence” as “an accident,” but it does not further define “accident.” Id. at 40, 386 S.E.2d 762. North Carolina courts have defined “accident” as “an unforeseen event, occurring without the will or design of the person whose mere act causes it.” Tayloe v. Hartford Accident & Indem. Co., 257 N.C. 626, 127 S.E.2d 238, 239-40 (1962) (internal quotation marks omitted). That an insured’s employee’s work product is substandard does not transform that work into an “accident,” as that term is employed here. See Wm. C. Vick Constr. Co. v. Pa. Nat’l Mut. Cas. Ins. Co., 52 F.Supp.2d 569, 584-86 (E.D.N.C.1999), aff'd, 213 F.3d 634 (4th Cir.2000) (per curiam) (unpublished table decision). On the other hand, that an unexpected event was proximately caused by an insured’s employee’s negligence does not prevent it from constituting an “accident.” See Waste Mgmt., 340 S.E.2d at 380 (holding that leaching of contaminants into groundwater was an “accident” even though it was allegedly proximately caused by the insured’s negligence).
Here, the complaint in the North Carolina lawsuit is silent regarding the nature of the property damage caused by Exterior Wall, how the damage occurred, and whether some or all of it occurred as the result of an accident. The complaint alleges only that Exterior Wall, “in installing ... conventional hard coat stucco, damaged Pembroke at Landfall’s property including damage to driveways, patios, chimneys, painted walls, stone walkways, slate roofs, air conditioners and landscaping.” J.A. 15. Thus, the complaint allows for the possibility that at least some of the damage was the result of an accident. For example, Exterior Wall might have been liable for damage that occurred when a negligently placed bucket of stucco fell off of Exterior Wall’s scaffolding. Indeed, Penn America conceded at oral argument *261 that a falling bucket would constitute an “accident” and that damage from a falling bucket could be unthin the scope of JAV’s complaint. Because the allegations in the complaint do not expressly negate the possibility that some of the damage resulted from an accident, I would hold that the district court erred in granting summary judgment to Penn America on the duty to defend issue.
The majority’s decision to affirm is apparently based on JAV’s concession at oral argument that Exterior Wall’s duties included cleaning up the worksite after applying the stucco. See ante, at 258 (noting the concession). The majority appears to believe this fact is significant based on (1) an assumption that all of the damage for which Exterior Wall could be held liable was caused by Exterior Wall’s failure to conduct an adequate clean-up, and (2) a conclusion that such a failure would not constitute an “accident.” The flaw in this analysis is that the complaint does not allege that all of the damage was caused by a failure to conduct an adequate cleanup, nor does it allege facts from which that proposition would necessarily follow. Accordingly, the complaint allows the possibility that some (if not all) of the damage for which Exterior Wall could be held hable was the result of a covered occurrence.
The majority’s decision may also be based on an assumption that because Exterior Wall caused the damage in the course of performing its work, any damage was necessarily the result of defective or poor workmanship, rather than an accident. See ante, at 259 (noting that damage resulting from poor workmanship is not the result of an accident). Such an assumption is unwarranted because the complaint does not allege that all of the damage resulted from work intentionally performed by Exterior Wall. Rather, it leaves open the possibility that some damage occurred as the result of an unforeseen event, as in the example I have identified.
Finally, the majority’s decision may be based on a belief that Penn America had a duty to defend only a suit wherein the complaint specifically alleged that the damage was the result of an accident. See ante, at 259-60 (stating that “in order for the Pembroke Damage to be a covered risk under the Policy, JAV was required to allege in the North Carolina Lawsuit that ... it was the result of an accident”). In that event, the majority has adopted an unduly restrictive reading of North Carolina law. See Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co., 72 N.C.App. 80, 323 S.E.2d 726, 730 (1984) (explaining that when “the allegations in the complaint are broad, and uncertain as to specific facts, the insured has a right to a defense whenever the allegations show a potential that liability will be established within the insurance coverage” (internal quotation marks omitted)), rev’d on other grounds, Waste Mgmt., 340 S.E.2d at 383.[1]
Regardless of the basis for the majority’s decision, I do not agree that the district court correctly granted summary judgment to Penn America on the duty-to-defend claim, and I respectfully dissent from that portion of the majority opinion.
Affirmed by unpublished PER CURIAM opinion. Judge WILKINS wrote an opinion concurring in part and dissenting in part.

. I also would hold that none of the policy exclusions cited by Penn America eliminated its duty to defend this suit.