**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 06-1232**

—————————

AUTO-OWNERS INSURANCE COMPANY,

Plaintiff - Appellee,

versus

DEBRA J. POTTER; ROBERT F. POTTER; NICHOLAS E.
PIGGOTT; KARIN PIGGOTT; EDWARD F. FITZGERALD;
KAREN L. FITZGERALD; SUSAN WILLIAMS; BRIAN
EASON; JANET EASON; CHARLES N. REGISTER; NANCY
P. REGISTER; DOUGLAS BAREFOOT; ANGELA
BAREFOOT; JOHN JOSEPH BIANCHINO; KAREN MARIE
BIANCHINO; DANIEL BLACKMAN; HOLLY BLACKMAN;
RONALD E. BRAY; SUSAN M. BRAY; CLYDE CORSON;
MARY CORSON; RICHARD AL COX; BARBARA S. BOOB;
JAMES W. DELUCA; MARY H. DELUCA; KENNETH
DEMOSS; REGINA DEMOSS; DAVID R. DIETZ; HELEN
L. DIETZ; DIANE DILLON; JESSE M. DINGLE; LYNN
K. DINGLE; DAVID M. GOODWYN; VALERIE C.
WASHINGTON; JOYCE GRIFFIN-KEENE; SABOOR HAKEM;
WENDY D. HAKEM; JOHNNY M. HUMPHREY; SUSAN V.
HUMPHREY; DWAUN A. HUMPHRIES; KRISTY G.
HUMPHRIES; GREGORY J. JONES; KYMBERLY A.
JONES; MILTON WAYNE KING, SR.; JOYCE S. KING;
DAVID SAMUEL LEINFELDER; SANDRA IVESTER
LEINFELDER; STEPHANIE EDWARDS MASSENGALE;
MICHAEL R. MCKAY; JILL L. MCKAY; ROBERT
WILLIAM MOORES; VICTORIA MORGAN MOORES; ROBERT
P. NENNO; CARINE M. NENNO; STEVEN D. PARKER;
KAREN D. PARKER; JOSEPH J. RACHIS; SUSAN T.
RACHIS; MARK T. RADER; SUE N. RADER; RAMIRO
ROBLES, JR.; PATRICIA BEATRICE ROBLES; JIHAD
A. SHAWWA; HOWAYDA SHAWWA; JOHN F. STEHMAN;
MICHELLE A. STEHMAN; AMANDA TALLEY; STEPHEN
TURNER; LOLITA FIELDS; SHAWN M. WAGNER; JODI
A. WAGNER; CATHY WHITE; DALE S. WIGGINS; MARY
WIGGINS; ANJANETTE IRENE WOOTEN,

Defendants - Appellants,

and

WHITEWOOD PROPERTIES, INCORPORATED, d/b/a
Neuse Crossing Utilities Company Properties,
d/b/a Neuse Crossing Utilities Company; JAMES
D. ADAMS, JR.,

Defendants,

versus

THE HARLEYSVILLE INSURANCE COMPANIES,

Third Party Defendant.

--------------------

COMPLEX INSURANCE CLAIMS LITIGATION
ASSOCIATION,

Amicus Supporting Appellee.

No. 06-1298

AUTO-OWNERS INSURANCE COMPANY,

Plaintiff - Appellee,

versus

WHITEWOOD PROPERTIES, INCORPORATED, d/b/a
Neuse Crossing Utilities Company Properties,
d/b/a Neuse Crossing Utilities Company; JAMES
D. ADAMS, JR.,

Defendants - Appellants,

and

DEBRA J. POTTER; ROBERT F. POTTER; NICHOLAS E.
PIGGOTT; KARIN PIGGOTT; EDWARD F. FITZGERALD;
KAREN L. FITZGERALD; SUSAN WILLIAMS; BRIAN
EASON; JANET EASON; CHARLES N. REGISTER; NANCY

2

P. REGISTER; DOUGLAS BAREFOOT; ANGELA BAREFOOT; JOHN JOSEPH BIANCHINO; KAREN MARIE BIANCHINO; DANIEL BLACKMAN; HOLLY BLACKMAN; RONALD E. BRAY; SUSAN M. BRAY; CLYDE CORSON; MARY CORSON; RICHARD AL COX; BARBARA S. BOOB; JAMES W. DELUCA; MARY H. DELUCA; KENNETH DEMOSS; REGINA DEMOSS; DAVID R. DIETZ; HELEN L. DIETZ; DIANE DILLON; JESSE M. DINGLE; LYNN K. DINGLE; DAVID M. GOODWYN; VALERIE C. WASHINGTON; JOYCE GRIFFIN-KEENE; SABOOR HAKEM; WENDY D. HAKEM; JOHNNY M. HUMPHREY; SUSAN V. HUMPHREY; DWAUN A. HUMPHRIES; KRISTY G. HUMPHRIES; GREGORY J. JONES; KYMBERLY A. JONES; MILTON WAYNE KING, SR.; JOYCE S. KING; DAVID SAMUEL LEINFELDER; SANDRA IVESTER LEINFELDER; STEPHANIE EDWARDS MASSENGALE; MICHAEL R. MCKAY; JILL L. MCKAY; ROBERT WILLIAM MOORES; VICTORIA MORGAN MOORES; ROBERT P. NENNO; CARINE M. NENNO; STEVEN D. PARKER; KAREN D. PARKER; JOSEPH J. RACHIS; SUSAN T. RACHIS; MARK T. RADER; SUE N. RADER; RAMIRO ROBLES, JR.; PATRICIA BEATRICE ROBLES; JIHAD A. SHAWWA; HOWAYDA SHAWWA; JOHN F. STEHMAN; MICHELLE A. STEHMAN; AMANDA TALLEY; STEPHEN TURNER; LOLITA FIELDS; SHAWN M. WAGNER; JODI A. WAGNER; CATHY WHITE; DALE S. WIGGINS; MARY WIGGINS; ANJANETTE IRENE WOOTEN,

Defendants,

versus

THE HARLEYSVILLE INSURANCE COMPANIES,

Third Party Defendant.

--------------------

COMPLEX INSURANCE CLAIMS LITIGATION ASSOCIATION,

Amicus Supporting Appellee.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:01-cv-00819-BR)

3

Argued:  December 1, 2006                    Decided:  July 13, 2007

Before MICHAEL and GREGORY, Circuit Judges, and Gerald Bruce LEE, United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed by unpublished opinion.  Judge Lee wrote the opinion, in which Judge Michael and Judge Gregory joined.

**ARGUED:** Curtis James Shipley, ELLIS & WINTERS, L.L.P., Greensboro, North Carolina, for Appellants.  Walter E. Brock, Jr., YOUNG, MOORE & HENDERSON, P.A., Raleigh, North Carolina, for Appellee.  **ON BRIEF:** Jonathan D. Sasser, Thomas H. Segars, ELLIS & WINTERS, L.L.P., Raleigh, North Carolina; Kurt J. Olson, Matthew F. Fussa, MAUPIN & TAYLOR, P.A., Raleigh, North Carolina, for Appellants. John A. Yeager, WILLINGHAM & COTE, P.C., East Lansing, Michigan, for Appellee.  Laura A. Foggan, John C. Yang, WILEY, REIN & FIELDING, L.L.P., Washington, D.C., for Amicus Supporting Appellee.

Unpublished opinions are not binding precedent in this circuit.

LEE, District Judge:

THIS MATTER is before the Court on an appeal of the District Court's decision that a withdrawal of defense of an insured by the Auto-Owners Insurance Company ("Auto-Owners") was not "unjustified" under North Carolina law. This case concerns residents and former residents of a subdivision in North Carolina who allege that the entity responsible for their utilities, Whitewood Properties, Inc. ("Whitewood"), provided contaminated water to them; the residents appeal the District Court's denial of summary judgment in their quest to have Whitewood's insurance company, Auto-Owners, indemnify Whitewood under the settlement agreement between the residents and Whitewood. The issue before the Court is whether the District Court correctly held that Auto-Owners did not unjustifiably withdraw its defense of Whitewood when (1) Auto-Owners defended under a reservation of rights, (2) Auto-Owners brought a declaratory judgment action to determine if there was coverage or a duty to defend, (3) the District Court held that Auto-Owners did not have to defend Whitewood, and (4) Auto-Owners chose not to continue to defend Whitewood while the declaratory judgment was on appeal given that there was no stay of the litigation. The Court affirms the judgment of the District Court because even if the insurer, Auto-Owners, had a duty to defend its insured, Whitewood, the withdrawal of defense was not unjustifiable after the federal District Court issued a declaratory judgment that there was no duty

5

to defend (and the litigation was not stayed).  In addition, because the Auto-Owners' withdrawal of defense was not unjustifiable, under the terms of its contract with Whitewood, Auto-Owners cannot be held liable for a settlement between Whitewood and claimants which it did not authorize.

## I. BACKGROUND

On March 22, 2001, a group of current and former residents of a North Carolina subdivision ("Potter" or "Potters"), sued Whitewood, a developer that formed a utilities company to offer water and sewer services.  Auto-Owners defended under a reservation of rights while it sought a declaratory judgment that it was not required to defend Whitewood on the issues involved.  (J.A. 653.) The District Court held that Auto-Owners was not required to defend Whitewood in this action and that summary judgment for Auto-Owners was appropriate.

On April 17, 2003, Potter filed an appeal.  Auto-Owners notified Whitewood that it would stop defending them because of the declaratory judgment unless Whitewood sought a stay of the Order (which would cause Auto-Owners to continue to defend Whitewood).[1] Given that no stay was sought or issued, Auto-Owners discontinued defense of Whitewood on June 1, 2003. (J.A. 654.)

---

[1] In their brief, the Potter Appellants dispute that Auto-Owners ever suggested a stay.  Brief of Appellant at 27, Auto Owners Ins. Co. v. Potter, No. 06-1298 (4th Cir. May 24, 2006).

On October 28, 2003, Whitewood and Potter settled for $6 million, plus all of Whitewood's rights to indemnification by Auto-Owners. Auto-Owners declined to sign this settlement agreement, noting that it was not reasonable or in good faith. (J.A. 655.) Auto-Owners suggested an alternate settlement in which it would participate: $150,000 in accord with the case evaluation report obtained by the defense counsel.[2] (J.A. 654-55.)

The Fourth Circuit vacated[3] the summary judgment Order of the District Court on July 27, 2004, and remanded to the District Court to see if there were other parts of the contract that could bar coverage by the insurer, and, if the duty to defend attached, whether Auto-Owners was liable to indemnify Whitewood. On September 8, 2004, Potter counterclaimed in District Court to enforce Auto-Owners' need to indemnify under the settlement agreement with Whitewood. Potter moved for summary judgment.

The District Court ordered a settlement conference on August 19, 2005. Whitewood and Auto-Owners reached a partial settlement.

---

[2] A letter from Auto-Owners to Whitewood stated: "If you wish to enter into a reasonable settlement, contingent on the outcome of the appeal, in a way so that if Auto-Owners prevails on appeal it pays nothing but if Auto-Owners loses on appeal it pays the settlement amount, and without the silly provisions for having the settlement be partly in force and partly not in force depending on the coverage ruling, Auto-Owners is certainly willing to consider agreeing to such a proposed settlement." (J.A. 494.)

[3] Auto-Owners makes a point to state in its brief that the judgment of the District Court was not reversed, but rather vacated.

Potter and Auto-Owners did not reach a settlement.

The District Court denied summary judgment for Potter on February 7, 2006, holding that the agreement between Whitewood and Auto-Owners did not alter the questions before the court as to Potter's motion for summary judgment. The Court held that it would assume that Auto-Owners had a duty to defend Whitewood for purposes of the motion. Even under this assumption, the Court determined that Auto-Owners' withdrawal of defense of Whitewood was not "unjustifiable" for two reasons: (1) Auto-Owners did not withdraw defenses mid-course without authorization and (2) did not refuse to defend Whitewood from the beginning. (J.A. 656.) In addition, no stay pending appeal existed; a pending appeal, by itself, would not preclude Auto-Owners from relying on the District Court's declaratory judgment that it was not required to defend Whitewood. (J.A. 659-61.) Finally, Auto-Owners did not unjustifiably refuse to indemnify Whitewood because there was no consent by Auto-Owners, as required by its contract with Whitewood, to the settlement agreement between Whitewood and Potter. (J.A. 663.) A final judgment was entered on February 8, 2006. The appeal of this judgment is now before this Court.

## II. DISCUSSION

### A. Standard of Review

This Court reviews <u>de novo</u> grants or denials of summary judgment by a district court. <u>Seabulk Offshore, Ltd. v. Am. Home Assurance Co.</u>, 377 F.3d 408, 418 (4th Cir. 2004). Under Federal Rule of Civil Procedure 56(c), summary judgment is only appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, ... show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed R. Civ. P. 56(c).

### B. Analysis

The Court holds that the District Court's ruling is affirmed because the insurer's withdrawal of defense after a federal declaratory judgment determined that there was no insurance coverage or duty to defend was not "unjustified" under North Carolina law. In addition, because the insurer's withdrawal of defense was not unjustified, the insurer cannot be held liable for an unauthorized settlement that it did not consent to between its insured and a claimant.

#### 1. Withdrawal of Defense by Insurer Not Unjustified

##### a.

Auto-Owners' withdrawal of defense of Whitewood was not unjustified because it relied upon a federal declaratory judgment.

9

North Carolina law governs under the insurance policy at issue here. North Carolina law is clear about the process that an insurer must go through in order to determine if it is required to defend an insured: the insurance policy and the complaint should be compared side-by-side under a "comparison test." St. Paul Fire & Marine Ins. Co. v. Vigilant Ins. Co., 724 F. Supp. 1173, 1176 (M.D.N.C. 1989). "Any doubt as to coverage is to be resolved in favor of the insured." Id. If the claim of the insured falls within the coverage of the policy, "the insurer's refusal to defend is unjustified even if it is based upon an honest but mistaken belief that the claim is not covered." Duke Univ. v. St. Paul Fire & Marine Ins. Co., 96 N.C. App. 635, 637 (N.C. Ct. App. 1990). Under North Carolina law, "the duty to defend arises whenever there is a potential or possible liability to pay based on the allegations in the complaint and is not dependent on the probable liability to pay based on the facts ascertained through trial." Vigilant, 724 F. Supp. at 1177 (citation omitted). The duty to defend is "excused only if the facts alleged in the complaint do not even arguably fall within the policy coverage and an independent investigation reveals no extrinsic facts demonstrating coverage." Id. at 1179. This Court previously held that withdrawal of defense by an insurer was appropriate when the insurance company determined, before any trial on liability or declaratory judgment, that there was no duty to defend because the claims at issue were

10

not covered by the insurance policy. <u>Liberty Mut. Ins. Co. v. Triangle Indus., Inc.</u>, 957 F.2d 1153, 1160 (4th Cir. 1992). We noted that the District Court had found that there was no evidence that the insured was left "defenseless or seriously hampered" in its ability to protect itself. <u>Id.</u> at 1160.

A declaratory judgment allows a court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought;" such a judgment has "the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a) (1993). A stay pending appeal may be sought by a party under Federal Rule of Civil Procedure 62(d).

b.

The Potter appellants assert that Auto-Owners abandoned its insured (Whitewood) and forced them to settle the case when Auto-Owners withdrew from the case. They argue that because an insurer's refusal to defend would be unjustified under North Carolina law even if it is based upon an honest but mistaken belief that the claim is not covered, Auto-Owners has a duty to indemnify given that it made an "honest but mistaken" choice to rely on a District Court Order when it withdrew from defending Whitewood.

In addition, the Potters argue that only three other jurisdictions--Wisconsin, Michigan, and the Eighth Circuit--have considered a factual situation similar to the one at issue and each

11

court found that an insurer bears the risk that an appeals court will reverse the determination of no coverage. In the past, argue the Potters, North Carolina appellate courts have been persuaded by the reasoning of the Eighth Circuit and the state courts of Michigan, Wisconsin, and Missouri. The Potter appellants argue that North Carolina likely would place the risk that an appeal (of a determination that an insurer had no duty to defend an insured) would be successful on the insurer. In addition, North Carolina law requires that ambiguities in insurance policies are to be resolved in favor of finding coverage for insureds. E.g., Pa. Nat. Mut. Cas. Ins. Co. v. Associated Scaffolders & Equip. Co., 579 S.E.2d 404, 406 (N.C. Ct. App. 2003).

The Potters argue that they were not required to seek a stay of the federal declaratory judgment because it would not have directed any party to do or refrain from doing anything. Even if a stay were practicable, they argue, it is unlikely that the District Court would issue such a stay pending appeal given that it would have to determine that Potter could likely prevail on the merits of the appeal.

c.

Auto-Owners argues that its withdrawal of defense was justified when it was done only after the District Court entered a final judgment finding no duty to defend existed, and when Whitewood did not obtain or seek a stay of that final judgment.

12

Declaratory judgments, argues Auto-Owners, are like other judgments. Auto-Owners also argues that the cases Potter uses mistakenly conflate the notion of failure to defend with being given approval by a court not to defend; the cases are not binding on this Court, and not persuasive. The Fourth Circuit rejected the notion that insurers have continuing obligations to defend when a determination of no coverage is made.[4] In addition, Auto-Owners argues that a stay of the District Court's order would not have been meaningless, impractical, or impossible. Potter could have applied to this Court for a stay; Potter also could have sought a stay in the underlying case.

d.

The Court affirms the District Court's declaratory judgment that Auto-Owners was not unjustified under North Carolina law for withdrawing its defense of Whitewood after the District Court issued a declaratory judgment indicating that Auto-Owners had no duty to defend Whitewood in the matter at hand. We agree with the District Court that it would tip the balance too far in favor of the insured to hold that an insurer must wait for all appeals of a

---

[4] The Complex Insurance Claims Litigation Association ("CICLA") submitted an amicus brief. They argue that if the Court reverses the District Court in this case, insurers who are found not to owe a duty to defend would have two unappealing choices. First, the insurers could continue to provide a defense until all levels of appeal have been exhausted (with no guarantee that they would be reimbursed by the policyholder). Second, the insurers could risk being treated as though they breached their duty to defend.

declaratory judgment (relieving it of a duty to defend) to be exhausted before removing its defense of the insured. The fact that the insurer provided a defense for the insured until the time the insurer received a declaratory judgment Order demonstrates to this Court that the insurer adhered to the spirit of the public policy requiring defense of insured persons. Auto-Owners, the insurer, had a right to rely upon the District Court's declaratory judgment Order, absent a stay of judgment. Guinness PLC v. Ward, 955 F.2d 875, 898 (4th Cir. 1992) (citation omitted). Federal declaratory judgments have the force and effect of a final judgment – while parties may seek a stay of the judgment pending appeal, no stay was sought in this case. The Court finds unpersuasive the Potter appellants' arguments that a stay would have been meaningless, and, if not meaningless, then impossible to obtain; the Court agrees with the District Court that a stay of the judgment under Federal Rule of Civil Procedure 62(d) would have been possible here, had it been sought, because the judgment was monetary in nature. (J.A. 660 (citing Arnold v. Garlock, Inc., 278 F.3d 426 (5th Cir. 2001)).

The Court finds unpersuasive the cases the Potters cite from other jurisdictions to forward the argument that an insurer should continue to defend the insured after a declaratory judgment absent a stay. First, on an appeal from summary judgment for the insurer, the Michigan state court of appeals overruled a state circuit court

14

in <u>Detroit Edison v. Michigan Mutual Insurance Co.</u>, 301 N.W.2d 832 (Mich. Ct. App. 1980); it held that the insurer at issue had a duty to defend and that the insurer had to pay the settlement amount owed by the insured after having an opportunity to present evidence on the coverage of the insurance policy. As Auto-Owners aptly points out, <u>Detroit Edison</u> can be distinguished from this case in several ways. First, this case involved an insurer that, unlike Auto-Owners, neither defended its insured at any time, nor filed a declaratory judgment action to ascertain its duties to defend (the policyholder did so); the insurer in the <u>Detroit Edison</u> case did not adhere to the policy goals relating to insureds and insurers that this Court seeks to advance. Second, the duty to defend law of Michigan differs from that of North Carolina. Third, there was no settlement between the parties in the Michigan case. Finally, the Michigan state opinion does not indicate whether the trial court's ruling was stayed or not. Thus, <u>Detroit Edison</u> is not persuasive because it can be distinguished in several key ways from this case.

Second, <u>Royal Insurance Co. of America v. American Employers Insurance Co.</u>, 304 F.3d 804 (8th Cir. 2002), involved a factual situation revolving around a combination of state and federal court litigation; the court held that after an insurer has breached a duty to defend, if an insured settles a claim, the insurer must reimburse the insured for settlement obligations covered by the

15

liability policy (after being allowed to argue the coverage issue). This case can be distinguished from the one at hand in two important ways. First, unlike Royal Insurance, there has never been a specific ruling by the District Court as to whether or not the claim at issue is covered by the insurance policy. Second, in Royal Insurance the Eighth Circuit Court of Appeals reversed a finding of the district court that the insurer had no duty to defend. However, even though the court found that the insurer in Royal Insurance had breached its duty to defend, there was no holding that the insurer was not entitled to rely upon the ruling of the federal district court and no discussion of whether a stay of the litigation was sought pending appeal (which would have caused the insurer to continue to defend the insured).

Finally, the Wisconsin Supreme Court decision in Newhouse can be distinguished from this case. Newhouse v. Citizens Sec. Mut. Ins., 501 N.W.2d 1 (Wis. 1993). The Newhouse case involved a complex procedural history. In brief, a Wisconsin trial court found that the insurer did not have a duty to defend the insured; this decision was appealed. The Wisconsin Supreme Court held that the insurer "did not follow the proper procedure" when it refused the state circuit court's offer to stay the liability trial until the resolution of the appeal on the duty to defend issue. Id. at 5-6. In contrast this case does not involve a liability trial, but rather a settlement between the insured and the Potters reached

16

before the ruling on the appeal of the duty to defend issue.  Also, in Newhouse the state circuit court made a determination about the duty to defend; here, however, the District Court did not make a determination that Auto-Owners had a duty to defend.  In addition, the District Court in this case, unlike the Wisconsin state court, did not offer to stay the trial and neither did the plaintiffs.  Finally, because Newhouse involved a state proceeding, the Federal Declaratory Judgment Act was not operative; it carries a finality that a Wisconsin state declaratory judgment does not. See Newhouse, 501 N.W. 2d 6 (holding that "[a]n insurance company breaches its duty to defend if a liability trial goes forward during the time a no coverage determination is pending on appeal and the insurance company does not defend its insured at the liability trial.")  Thus, Newhouse can be distinguished in several important ways from this case.

Therefore, because Auto-Owners was entitled to rely upon the declaratory judgment of the District Court, and only withdrew its defense after the issuance of that judgment, Auto-Owners was not "unjustified" in withdrawing its defense when there was no stay of the declaratory judgment while the ruling was on appeal.

2. Insurer Not Liable Under Settlement Agreement

Auto-Owners is not liable under the settlement agreement between Whitewood and Potter because, as held above, Auto-Owners' withdrawal of defense did not breach its contract with Whitewood.

17

In addition, under the contract, Whitewood could not assign its rights under the contract to Potter. If an insurer "wrongfully refuses to defend a suit against its insured," then it will be "liable to the insured for sums expended in payment or settlement of the claim, for reasonable attorneys' fees, for other expenses of defending the suit, for court costs, and for other expenses incurred because of the refusal of the insurer to defend." Vigilant, 724 F. Supp. at 1182. The insurer has the right to challenge the reasonableness of the settlement and whether it was made in good faith, even if the insurer breached its duty to defend. Id. at 1183 n.6 (citing Nixon v. Liberty Mut. Ins. Co., 120 S.E.2d 430 (N.C. 1961)). In addition, under North Carolina law, if the insurer unjustifiably refuses to defend claims covered by the insurance policy, then it commits a breach of the policy contract and "thereby waives the provisions defining the duties and obligations of the insured." Id. at 1183 (citing Ames, 340 S.E.2d at 485 (citing Nixon, 120 S.E.2d at 435)). Finally, under North Carolina law, "[e]xceptions to the rule that contracts are freely assignable are when the contract expressly provides that it is not assignable or when performance of some term of the contract involves an element of personal skill or credit." Hurst v. West, 272 S.E.2d 378, 382-83 (N.C. Ct. App. 1980) (citations omitted).

18

The Potters argue that the District Court's holding would inappropriately require appellants to obtain a stay in order to preserve their substantive legal rights on appeal. The District Court held that the failure of Whitewood and the Potters to secure a stay effectively waived their right to assert that Auto-Owners waived its right to approve the 2003 Settlement. Failure to seek or obtain a post-judgment stay does not usually constitute a waiver of rights.

Auto-Owners argues that Potter cannot bring suit against Auto-Owners because, even if Whitewood assigned its claims to indemnity to Potter, the "no action" clause of the contract between Whitewood and Auto-Owners only allows Auto-Owners to be sued on settlement agreements signed by Auto-Owners, the insured and the claimant; on these facts, only Whitewood and Potter agreed, and thus Potter cannot sue Auto-Owners to recover. In addition, Auto-Owners argues that the issue of whether or not Auto-Owners had a duty to defend Whitewood when it withdrew its defense in reliance on the declaratory judgment is moot because Whitewood and Auto-Owners settled. Auto-Owners argues that the duty to defend is a personal right that is not assignable. Strangers to an insurance contract cannot invoke it. While the Potter litigants argue that contractual claims are always assignable, as is the duty to defend,

that is not correct--exceptions to the general rule include personal rights and contracts that preclude assignment.

c.

The Court affirms the District Court's holding that Auto-Owners cannot be held liable for a settlement between its insured, Whitewood, and a claimant, Potter, which it did not authorize. Potter's argument fails. Because we hold that Auto-Owners did not unjustifiably withdraw its defense of Whitewood, Auto-Owners may still rely upon the insurance policy provisions that prohibit Whitewood, the insured, from settling a claim without Auto-Owners' consent. Under the terms of the contract between Auto-Owners and Whitewood, the insured did not have the authority to act on a claim without the express consent of Auto-Owners. (J.A. 168, 235.[5]) The contract states that "[n]o insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent." (J.A. 167, 234.)

In addition, the issue of whether or not Auto-Owners had a duty to defend Whitewood became moot when Auto-Owners and Whitewood settled. The contract states that the policy at issue here was not assignable. (J.A. 130, 197) Contracts are freely assignable in

---

[5] The joint appendix did not include the entire Exhibit 4 to the Potter litigants' motion for summary judgment, Record No. 90; this document would have contained the Auto-Owners insurance policy for December 8, 1999 to December 8, 2000.

general; however, contracts that expressly state that they are not assignable are an exception to that general principle.

Based on the above provisions, Auto-Owners is not liable under the settlement agreement between Whitewood and Potter because the settlement was not authorized by Auto-Owners and Whitewood could not assign its rights to Potter. See Terrell v. Lawyers Mut. Liab. Ins. Co., 507 S.E.2d 923, 927 (N.C. Ct. App. 1998).

## III. CONCLUSION

The Court affirms the District Court's ruling because it was not "unjustified" for the insurer, Auto-Owners, to withdraw its defense of Whitewood, its insured, when it relied on an unstayed federal declaratory judgment. It follows, therefore, that Auto-Owners is not liable for the settlement between Whitewood and Potter; because there was no unjustified withdrawal of defense, the contract between the insurer and insured in this case prohibits the insurer from becoming liable for settlements between claimants and the insured which it did not approve.

For these reasons, the judgment of the District Court is

AFFIRMED.